UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANUEL MALDONADO,

                Plaintiff,

       - against -

THE CITY OF NEW YORK; COUNTY OF
QUEENS; and ALEXANDER GILBERT, Asst.
Dist. Atty.,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-4304 (RRM)(JMA)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

      Plaintiff, Manuel Maldonado, currently incarcerated at Riverview Correctional Facility, proceeding *pro se*, files this complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants' refusal to accept his cross-complaint against the police officers who arrested him on November 23, 2009 violated his constitutional rights. The Court grants Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915. The complaint is dismissed as set forth below.

**STANDARD OF REVIEW**

      Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). Further, under 28 U.S.C. § 1915 (e)(2)(B), a

district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Since plaintiff is proceeding pro se, his complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89 (2007), and the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Thus, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## BACKGROUND

Plaintiff was arrested and arraigned on November 23, 2009 for, *inter alia*, assault in the second degree. A grand jury indictment against plaintiff was filed on January 28, 2010 in the Supreme Court of the State of New York, Queens County, Indictment No. 205/2010. On February 13, 2010, plaintiff filed a motion in his state court criminal action seeking, *inter alia*, an order directing the District Attorney to initiate a cross-complaint against the arresting officers related to false statements made in the felony complaint and in their testimony before the Grand Jury. The motion was denied on March 22, 2010 and denied by the Court without mention of plaintiff's request to file a cross-complaint except to state: "The Court has considered the remaining issues raised by the defendant and finds them to be without merit." Complaint, Attachment, March 22, 2010 Order, Supreme Court, Queens County, at 3. Plaintiff's alleges that the "City of New York, the County of Queens, and defendant Alexander Gilbert, has implemented an unconstitutional policy of refusing to accept cross-complaints in criminal cases,

2

and in failing to train in response to, and in connection with, such types of cases or matters." He further alleges against defendant Assistant District Attorney Gilbert that he failed to investigate plaintiff's complaint of illegal activity and misconduct by the arresting officers.

## DISCUSSION

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.*" Id.* This Court has reviewed plaintiff's complaint and has determined that it fails to state a claim.

Plaintiff's complaint alleges that the defendants' failure to entertain his cross-complaint against the officers who arrested him violated his constitutional rights and, more broadly, that the defendants have a policy against accepting cross-complaints in criminal cases and failing to train personnel in "such types of cases or matters." Complaint at ¶ 17-18.

in order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York or Queens County, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24

(1985). The complaint does not allege sufficient facts showing a policy or custom that caused the alleged constitutional injury. Plaintiff merely concludes that the city has an unconstitutional policy, but alleges no facts beyond relaying that his cross-complaint was not entertained. He does not allege that such a policy exists, nor does he allege any facts which evidence that a policy may exist; he merely concludes there must be one because his cross-complaint was not accepted. Plaintiff has failed to state a claim against the City of New York and the County of Queens. 28 U.S.C. §§ 1915A; 1915(e)(2)(B)(ii).

Plaintiff alleges that defendants "discriminat[ed] against" him and "den[ied him] equal protection of the law" in the filing of his cross-complaint "because the plaintiff was the second to complain rather than the first, or because plaintiff's individual standing." Complaint at ¶ 17. In order to establish a claim of equal protection based upon selective treatment or prosecution, a plaintiff must show that he or she was: (1) selectively treated as compared with others similarly situated, and (2) that such selective treatment was based on "impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Latrieste Restaurant & Cabaret Inc. v. Village of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994).

There is no evidence to support an inference that defendants treated plaintiff differently than other individuals similarly situated to him in all material respects. *See Badolato v. Adiletta*, No. 10cv1855, 2012 WL 3062035, at *6 (D. Conn. July 26, 2012) (plaintiff's equal protection claim dismissed where there is no evidence that defendants treated her any differently than individuals who brought complaints against civilians rather than police officers). Nor has he satisfied the second prong concerning an impermissible basis for selective treatment. Plaintiff's alleges that he was treated differently by defendants because of his "individual standing," but

4

does not explain what he means by this term or allege any facts to support this conclusion. Complaint at ¶ 17. Plaintiff makes no allegation in his complaint that he belongs to any protected class and he has not stated a claim of discrimination on the basis of race, religion or gender. *Cantanzaro v. Weiden*, 188 F.3d 56, 64-65 (2d Cir. 1999).

Construing plaintiff's complaint liberally, he may be alleging that the selective treatment was to punish him for the exercise of constitutional rights. Plaintiff appears to rely on *Myers v. County of Orange*, 157 F.3d 66, 75-76 (2d Cir. 1998) in which the Second Circuit held that Orange County's first-come first-served policy under which the County District Attorney's office directed police not to entertain "any complaint by a person named as a wrongdoer in a prior related civilian complaint-until the initial complaint had been either dismissed or prosecuted" served no legitimate interest. *Myers* is easily distinguishable from this case. First, as stated above, plaintiff has not pointed to *any* policy of the police or District Attorney's office much less a "first-come first-serve" policy by which the earlier filed of two cross-complaints would receive preference over the later-filed complaint like in *Myers*. Here, plaintiff merely posits that a possible explanation for why his cross-complaint against the police officers who arrested him was not processed was because he was the "second to complain." He has not alleged that the defendants acted in accordance with a policy favoring a first-filed complaint. *Cantave v. New York City Police Officers*, 09-CV-2226 (CBA), 2011 WL 1239895, at *5-6 (E.D.N.Y. Mar. 28, 2011). Thus, plaintiff's equal protection claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C., §§ 1915(e)(2)(B)(ii); 1915A.

Moreover, plaintiff's claim against Assistant District Attorney Gilbert is barred by prosecutorial immunity. *Ying Jing Gan v. City of New York*, 996 F.2d at 530 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) ("A prosecutor thus has absolute immunity in connection

with the decision whether or not to commence a prosecution."); *Crews v. County of Nassau*, No. 06-CV-2610, 2007 WL 4591325, at *14 (E.D.N.Y. Dec. 27, 2007); *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003) ("A prosecutor is absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges); *Johnson v. City of New York*, 2000 WL 1335865, at *2 (S.D.N.Y. Sept.15, 2000) (prosecutorial functions protected by absolute immunity "include the decision to bring charges against a defendant."). Furthermore, there is no right to have law enforcement pursue an investigation. *Cf. Stokes v. City of New York*, No. 05-CV-0007 (FJB), 2007 Wl 1300983, at *6 (E.D.N.Y. May 3, 2007).

## CONCLUSION

Accordingly, the Court dismisses the instant *pro se* complaint. 28 U.S.C. §§ 1915A; 1915(e)(2)(B). Judgment will enter accordingly.

The Clerk of Court shall mail a copy of this Memorandum and Order and the corresponding judgment to plaintiff, and close the file.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 4 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge